IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**CAROLYN HINES,** *Individually and on behalf of others similarly situated,*

  Plaintiff,

v.   No._____

**KRYSTAL RESTAURANTS, LLC**

**FLSA Collective Action**
**RULE 23 Class Action**
**JURY DEMANDED**

Defendant,

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Carolyn Hines ("Plaintiff"), individually, and on behalf of herself and other similarly situated, brings this Fed. R. Civ. P. 23 class action and Fair Labor Standards Act ("FLSA") collective action against Krystal Restaurants, LLC ("Defendant"), and alleges as follows:

### I.   INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiff and other similarly situated hourly-paid shift leaders who are members of an FLSA collective action as defined herein and currently or previously employed by Defendant during all times material.

2. This lawsuit also is brought against Defendant as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual wages or, in the alternative, unjust enrichment/quantum meruit compensation, owed to Plaintiff and other similarly situated current and former hourly-paid shift leaders who are members of a

1

Rule 23 class as defined herein, and who are currently or previously employed by Defendant.

## II. JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this District during all time material to this action. Also, Defendant regularly has conducted and continues to conduct business in this District, and has engaged and continues to engage in wrongful conduct in this District during all times material to this action.

## III CLASS DESCRIPTIONS

6. Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf herself and the following similarly situated individuals:

> All hourly-paid shift leaders who were employed by and worked for Defendant in the State of Tennessee during the six years preceding the filing of this Original Complaint (the "Rule 23 class").

7. Plaintiff brings this FLSA collective action on behalf of herself and the following similarly situated persons:

> All hourly-paid shift leaders who were employed by and worked for the Defendant in the United States within weekly pay periods during the three (3) year period preceding the filing of the original Complaint and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). ("the FLSA Class").

2

### III. PARTIES

8. Plaintiff Carolyn Hines was employed by and worked for Defendant as an hourly-paid shift leader during all times material to these actions. (Plaintiff Hines' Consent to Join the FLSA collective action herein is attached hereto as *Exhibit A.*)

9. Defendant, Krystal Restaurants, LLC, is Delaware Limited Liability Company with its national headquarters located at 1455 Lincoln Pkwy East, Dunwoody, GA 30346. Its registered agent for service of process is C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

10. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Complaint.

11. Defendant is and has been an "enterprise" as defined within section 203(r)1 of the FLSA during all times material to these actions.

12. Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00

13. Plaintiff and those similarly situated are/ have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and who worked for Defendant within the territory of the United States during the relevant time period.

### IV. FLSA COLLECTIVE ACTION ALLEGATIONS

14. Defendant is one of the oldest fast-food chain of restaurants in the United States and has more than 650 Krystal restaurants located in the Southeastern states.

15. Plaintiff worked as a shift leader for Defendant at one of its Krystal restaurants in Chattanooga, Tennessee during all times material herein.

16. During all times hereafter mentioned, Defendant had a time keeping system to record the compensable work time of Plaintiff and those similarly situated.

17. During all times hereafter mentioned, Plaintiff and those similarly situated performed work for Defendant in excess of 40 hours per week within weekly pay periods, especially when adding all their unpaid "off the clock" and "edited-out" wages, as addressed below.

18. Defendant did not compensate Plaintiff and those similarly situated at the applicable FLSA overtime compensation rates of pay for all hours performed over 40 per week within weekly pay periods during all times material.

19. Defendant had a common plan and practice of requiring, inducing, expecting, and/or suffering and permitting, plaintiff and those similarly situated to perform work related duties without being compensated for such "off the clock" work in order to save cost, increase profits and stay within or below budgeted labor – all at the expense of Plaintiff and those similarly situated.

20. Defendant also had a common plan and practice of failing to record into its time keeping system portions of the work time performed by Plaintiff and those similarly situated, within weekly pay periods during all times material to this action.

21. Defendant failed to record into its time keeping system all of the "off the clock" compensable work hours performed by Plaintiff and those similarly situated in a variety of ways, *inter alia*:

  (a) By failing to record pre-shift "off the clock" work time into its time keeping system; and/or

  (b) By failing to record compensable work time while "daily reports" were being run;

22. Defendant has been aware that it has not compensated Plaintiff and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA overtime rates

of pay for all their "off the clock" compensable time.

23. The unpaid overtime compensation claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

24. Defendant's plan and practice of failing to pay Plaintiff and those similarly situated for all the overtime compensation owed them was willful with reckless disregard to the FLSA overtime requirements, and without a good faith basis.

25. The net effect of Defendant's failure to pay Plaintiff and those similarly situated for all the compensation owed them was to unjustly enrich itself and enjoy ill-gotten profits at the expense of Plaintiff and those similarly situated.

26. Plaintiff and others similarly situated are entitled to a recovery of all the overtime owed them, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendant that is available to them under the FLSA and Tennessee statutory and common law.

### V. RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

27. Defendant employed Plaintiff and members of the Rule 23 class during all relevant periods of time herein.

28. Defendant promised Plaintiff and other Rule 23 class members they would be compensated at a specified hourly rate of pay for all hours of work performed within weekly pay periods during all times material.

29. Plaintiff and other Rule 23 class members fulfilled their acceptance of such promises by performing the required work directed by Defendant.

30. However, Defendant failed to pay Plaintiff and other Rule 23 class members the promised wages for all the work performed by them within weekly pay periods during all

times material.

31. Plaintiff brings this case as a Fed. R. Civ. P. 23 class action on behalf of herself, individually, and on behalf of other potential class members to recover the above referenced unpaid contractual wages owed to them.

32. The precise number of Rule 23 class members is not known as of this time but believed to be more than 50. The exact number of such class members easily can be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

33. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

    (a)    Whether a unilateral contract existed between Defendant and Plaintiff and the putative Rule 23 class for the payment of wages.

    (b)    Whether Plaintiff and other members of the Rule 23 class are entitled to the specified contractual wages promised them by Defendant under the Tennessee statutory and common law of contracts, quantum meruit and/or unjust enrichment.

    (c)    Whether Defendant paid Plaintiff and other members of the Rule 23 class all the wages owed them within weekly pay periods during the relevant time period herein.

    (d)    Whether the Defendant unlawfully breached its unilateral wage agreements with Plaintiff and members of the Rule 23 class;

    (e)    The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the putative Rule 23 class;

34. Pursuant to the allegations above, Plaintiff's claims are typical of Rule 23 class claims.

35. Their claims arose from the same Defendant's actions or inactions herein and the claims are based on the same legal theories.

36. The individuals in the Rule 23 class, as identified above, are so numerous that joinder of all members is impracticable.

37. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

38. Plaintiff is an adequate class representative.

39. Plaintiff was an hourly-paid shift leader of Defendant who, like other members of the Rule 23 class, was not paid promised wages for the all hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

40. Plaintiff's unpaid wage claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

41. All the Rule 23 class members are/were subject to the same plans and practices of Defendant in its failure to pay all contractually agreed-upon wages.

42. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

43. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of efforts and expense that numerous individual actions would otherwise produce.

44. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs.

45. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

46. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's unlawful practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

47. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

48. Plaintiff knows of no conflict of interest she has with the class of employees who worked for Defendant.

49. Plaintiff has hired the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue her claims and the claims of the Rule 23 class for unpaid contractual wages. (The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.)

50. The firm has represented numerous other employees asserting unpaid contractual wage

claims.

51. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

52. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage plans and practices implemented by Defendant unless resolved by this action.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
(On Behalf of the FLSA Class)

53. Plaintiff, individually, and on behalf of herself and other members of the FLSA Class, repeats and re-alleges Paragraphs 1 through 55 above as if they were fully set forth herein.

54. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

55. Plaintiff and the FLSA Class are similarly situated because they have been deprived of the applicable FLSA overtime compensation owed them as a result of Defendant's common pay practices.

56. Defendant's failure to pay Plaintiff and other members of the FLSA Class for all hours worked within weekly pay periods at the applicable FLSA overtime compensation rates of pay for all hours over 40 per week has violated the FLSA.

57. During the relevant time period herein, Defendant's common plan and practice of willfully failing to pay Plaintiff and members of the FLSA Class at the applicable FLSA overtime compensation rates of pay has resulted in Plaintiff and FLSA Class members' unpaid

9

Case 1:23-cv-00012-CLC-CHS   Document 1   Filed 01/13/23   Page 9 of 13   PageID #: 9

overtime wage claims being unified through common theories of Defendant's FLSA violations.

58. Defendant has had actual knowledge of willfully refusing to pay Plaintiff and other members of the FLSA Class for all the applicable FLSA overtime compensation to which they are entitled, during all times material to this collective action.

59. The precise number of FLSA class members is not known as of this time but believed to be more than 1,000. The exact number of such class members easily can be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

60. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

61. Defendant's violations were without a good faith basis.

62. Plaintiff and the other members of the FLSA Class are therefore entitled, and hereby seek, to recover compensation from Defendant for unpaid overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION VIOLATIONS

63. Plaintiff, individually, and on behalf of herself and other members of the Rule 23 Class, repeats and re-alleges Paragraphs 1 through 65 above as if they were fully set forth herein.

64. Plaintiff asserts Rule 23 class breach of contract claims because Defendant entered in to valid and enforceable unilateral wage contracts with them pursuant to Tennessee law.

65. Defendant offered to compensate Plaintiff and other members of the Rule 23 class at a specified hourly wage within weekly pay periods for all work performed on its behalf.

66. Plaintiff and other members of this Rule 23 class accepted Defendant's offer to pay them

a specified hourly wage for all work performed within weekly pay periods by performing such work during all times material.

67. However, Defendant breached its obligations under the said contracts by failing to pay Plaintiff and other Rule 23 class members the agreed-upon hourly compensation for all such hours they performed.

68. In the alternative to the breach of contract class claims, Plaintiff asserts a quantum meruit/unjust enrichment claim that she and each member of the proposed Rule 23 class provided valuable services to Defendant, that Defendant accepted their services, and Defendant had reasonable notice that class members expected to be compensated for their work time on its behalf.

69. The reasonable value of the services provided and not paid for by Defendant are consistent with the additional hourly rate of pay promised Plaintiff and members of the Rule 23 class because Defendant benefitted to such degree or more from the work they performed.

70. Plaintiff and members of the Rule 23 class complained to Defendant because of its failure to pay them for all their work and service time, but to no avail.

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the classes, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims;

B. For an Order finding Defendant liable under the FLSA for unpaid overtime compensation due to Plaintiff (and those who have joined in the suit) and for liquidated

damages equal in amount to the unpaid compensation found due to Plaintiff;

C. For certification of and notice to the FLSA Class and Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D. An award of damages associated with Defendant's breach of contract claims or, in the alternative, damages associated with their quantum meruit/unjust enrichment claims.

E. An award of all contractually agreed-upon wages;

F. For an Order finding that Defendant's violations of the FLSA were willful.

G. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the classes;

H. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the classes.

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

January 13, 2023  Respectfully Submitted,

 /s/ J. Russ Bryant
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for the Plaintiff and the classes*